IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00538-PAB-NRN

GILBERTO HERRERA,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation registered to do business in Colorado,

    Defendant.

---

# ORDER

---

    This matter comes before the Court on Defendant State Farm's Motion to Consolidate Cases for Pretrial Proceedings Only Pursuant to D.C.COLO.L.CivR 42.1 [Docket No. 15]. Plaintiff Gilbert Herrera filed a response. Docket No. 20. Defendant State Farm Fire and Casualty Company ("State Farm") filed a reply. Docket No. 21.

    State Farm moves to consolidate this case with *Herrera v. Shelter Mut. Ins. Co.*, 25-cv-00541-DDD-STV, (D. Colo. 2025) (the "Related Case"), for pretrial proceedings only. Docket No. 15 at 2. State Farm argues that consolidation is appropriate because "the facts underlying the claims in this case and [the Related Case]" overlap as both cases were "filed on the same day by the same attorneys on behalf of the same Plaintiff, and both allege similar damage to the same premises, owned by the same Plaintiff." *Id.* at 4.

    Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision

whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)).  Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

The Court finds that consolidation for purposes of pretrial proceedings is not appropriate here.  In both cases, Mr. Herrera alleges that his insurer wrongfully denied payment of an insurance claim.  However, while Mr. Herrera is the plaintiff in both cases and his insurance claims at issue concern the same property, *compare* Docket No. 1 at 3, ¶¶ 12-13 *and* the Related Case, Docket No. 1 at 3, ¶¶ 12-13, the factual bases for Mr. Herrera's claims are different.  In this case, Mr. Herrera's claims concern alleged water damage that occurred to his property on August 7, 2024.  Docket No. 1 at 3, ¶¶ 15-16.  In the Related Case, Mr. Herrera's claims concern hail damage that occurred to his property on September 2, 2023.  Related Case, Docket No. 1 at 3, ¶¶ 15-16.  Furthermore, Mr. Herrera's insurer for each incident was different.  In this case, Mr. Herrera's insurer was State Farm, Docket No. 1 at 3, ¶ 16, and in the Related Case his insurer was Shelter Mutual Insurance Company ("Shelter").  Related Case, Docket No. 1 at 3, ¶ 16.  While there may be some overlap in relevant facts, State Farm has not

2

shown a sufficient likelihood of there being commonality justifying pretrial consolidation. For instance, while each complaint uses the same words to describe the damage, plaintiff's response brief describes distinct damages from each occurrence. See Docket No. 20 at 3.

The often fact-intensive nature of cases involving bad faith insurance claims means that, overall, the differences between these two cases would result in pretrial proceedings with little overlap. Given that individual issues will predominate over common ones, the Court will deny State Farm's motion for consolidation of pretrial proceedings. See *Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co*, 2017 WL 6512240, at *6 (D. Utah Dec. 19, 2017) (denying motion to consolidate for "at least discovery and all pretrial matters" where the "disputed issues are insurance coverage . . . and the insurance coverage issues could differ significantly," both cases arise out of insurance policies that "were acquired at different times and under different circumstances," "the facts involved in the misrepresentation and bad faith claims are completely different," and "each case involves different witnesses and will have substantially different discovery" and concluding that "consolidation would be inappropriate because the common issues and facts will not predominate"); *Moore v. Allied Tr. Ins. Co.,* 2024 WL 4370869, at *2 (E.D. La. Oct. 2, 2024) (denying motion to consolidate because, while both cases were "before the same court, involve the same parties, concern the same property, and have overlapping legal claims," "[t]he instant case concerns damage to Plaintiff's home that was inflicted by Hurricane Ida, while the case Defendant seeks to consolidate it with concerns damage to the same property inflicted by a broken water heater thirty-eight days before Hurricane Ida made landfall").

3

It is therefore,

**ORDERED** that Defendant State Farm's Motion to Consolidate Cases for Pretrial Proceedings Only Pursuant to D.C.COLO.L.CivR 42.1 [Docket No. 15] is **DENIED**.

DATED June 2, 2025.

BY THE COURT:

s/ Philip A. Brimmer

PHILIP A. BRIMMER
Chief United States District Judge